UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PAUL HOLDEN AND PENNY HOLDEN**         * CIVIL ACTION

**VERSUS**         * NO. 09-3670

**U.S. UNITED OCEAN SERVICES, LLC., ET AL.**         * SECTION "B"(2)

<u>ORDER and REASONS</u>

    Before the Court is Third-Party Defendant's, St. Paul Fire & Marine Insurance Company ("St. Paul"), Motion for Partial Summary Judgment (Rec. Doc. No. 50). In response, Defendant U.S. United Ocean Services, L.L.C. ("UOS") filed opposition thereto (Rec. Doc. No. 51). Accordingly, and for the reasons pronounced below,

    **IT IS ORDERED** that St. Paul's Motion for Partial Summary Judgment (Rec. Doc. No. 50) be **GRANTED.**

<u>Cause of Action and Facts of Case</u>

    This lawsuit arises out of the May 29, 2008 accident involving Plaintiff Paul Holden ("Paul Holden"), an employee of Buck Kriehs. (Rec. Doc. No. 50-2 at 2). Paul Holden claims he was injured while the M/V LISA W and M/V BARBARA VAUGHT were undergoing repairs at Buck Kreihs' dock located in New Orleans, Louisiana. (Id.). As a result of the incident, Paul Holden and his wife, Penny Holden, filed this lawsuit on May 28, 2009 alleging personal injuries and loss of society claims, respectively, against UOS and

other defendants who have since been dismissed.[1] (Id.). On February 15, 2011, UOS filed its Third-Party Complaint, Rec. Doc. No. 29, against St. Paul seeking defense, indemnity and coverage under a marine general liability insurance policy that St. Paul issued to Buck Kreihs. (Id.) UOS asserts that it is owed contractual defense and indemnity against the Holdens' claims under a General Services Agreement ("GSA") between UOS and Buck Kreihs, and that those purported contractual defense and indemnity obligations are insured under Buck Kreihs' St. Paul insurance policy. (Id. at 3).

III.  *Law and Analysis*

A.   Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[1] The other defendants are United Maritime Group, L.L.C. ("UMG") and TECO Ocean Shipping, Inc. ("TECO").  TECO was dismissed by summary judgment by Order, Rec. Doc. No. 22, dated October 3, 2010. UMG was voluntarily dismissed without prejudice by Plaintiffs by Order, Rec. Doc. No. 48, dated July 12, 2011.

(1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

B. The LHWCA

Here, Plaintiff Holden was injured on UOS' vessel, Barge BARBARA VAULT, while he was working as a ship repairer, and UOS concedes as much. (Rec. Doc. No. 50-2 at 8; Rec. Doc. No. 51 at 3). Per the definitions of Section 902 of the LWHCA, Holden was an employee, working as a "ship repairman," 33 § U.S.C. 902(3); Buck Kreihs was an employer, whose "employees are employed in maritime employment . . . ." (Id. at 902(4)); Barge BARBARA VAULT was a "vessel upon which or in connection with which any person entitled to benefits under this chapter suffers injury . . . .," (Id. at 902(21)) as Holden was "on a gangway [on Barge BARBARA VAUGHT] and allegedly a crew member of the Barge BARBARA VAUGHT unhooked the

gangway without providing any warning to Holden, thereby causing the gangway to fall and hit the dock, allegedly severely injuring the Plaintiff Paul Holden." (Rec. Doc. No. 51 at 3).

Additionally, the pertinent part of Section 905(b) states:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title, **and the employer shall not be liable to the vessel for such damages directly or indirectly and any agreements or warranties to the contrary shall be void**.

(Emphasis added).

Given this, because the act that resulted in Paul Holden's injury arose from UOS's alleged negligent actions, per Section 905(b), it cannot require Buck Kreihs, the employer, to indemnify it. Accordingly, St. Paul, as Buck Kreihs' insurer, cannot be required to contractually defend or indemnify UOS for this act. ("Section 905(b) . . . cuts off the right of the vessel owner to recover contribution or indemnity from the employer . . . [t]herefore, [UOS] may not recover against [St. Paul], the insurer of [Paul Holden's] employer [Buck Kreihs])." *Terry*, 601 F. Supp. at 823. This Court has not been asked to determine whether UOS is an additional assured under the insurance policy St. Paul issued to Buck Kreihs.

Accordingly, and for the reasons enunciated above,

**IT IS ORDERED** that St. Paul's Motion for Partial Summary Judgment (Rec. Doc. No. 50) be **GRANTED**.

New Orleans, Louisiana, this 14th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE