```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

PAUL HOLDEN AND PENNY HOLDEN                  * CIVIL ACTION

VERSUS                                        * NO. 09-3670

U.S. UNITED OCEAN SERVICES, LLC., ET AL.      * SECTION "B"(2)


## ORDER AND REASONS

Before the Court is St. Paul Fire & Marine Insurance Company's ("St. Paul") Motion for Summary Judgment and responsive pleading (Rec. Doc. Nos. 67 and 91). In response, U.S. United Ocean Services, LLC's ("UOS") filed its Opposition to St. Paul Fire & Marine Insurance Company's Motion for Summary Judgment. (Rec. Doc. No. 77). Subsequently, UOS filed a Motion for Summary Judgment and responsive pleading (Rec. Doc. Nos. 68 and 89). In response, St. Paul filed its St. Paul Fire & Marine Insurance Company's Opposition to U.S. United Ocean Services, L.L.C.'s Motion for Summary Judgment (Rec. Doc. No. 81).

Accordingly, and for the reasons articulated below, **IT IS ORDERED** that St. Paul Fire & Marine Insurance Company's ("St. Paul") Motion for Summary Judgment (Rec. Doc. No. 67) is **GRANTED.**

**IT IS FURTHER ORDERED** that UOS's Motion for Summary Judgment is **DENIED.**


Cause of Action and Facts of the Case:

1

This lawsuit arises out of the May 29, 2008 accident involving Plaintiff Paul Holden ("Paul Holden"), an employee of Buck Kriehs.[1] (Rec. Doc. No. 50-2 at 2). Paul Holden claims he was injured while the M/V LISA W and M/V BARBARA VAUGHT were undergoing repairs at Buck Kreihs' dock located in New Orleans, Louisiana. (Id.).

As a result of the incident, Paul Holden and his wife, Penny Holden, filed this lawsuit on May 28, 2009, alleging personal injuries and loss of society claims, respectively, against UOS and other defendants who have since been dismissed.[2] (Id.) On February 15, 2011, UOS filed its Third-Party Complaint, Rec. Doc. No. 29, against St. Paul seeking defense, indemnity and coverage under a marine general liability insurance policy that St. Paul issued to Buck Kreihs. (Id.) UOS asserts that it is owed contractual defense and indemnity against the Holdens' claims under a General Services Agreement ("GSA") between UOS and Buck Kreihs, and that those purported contractual defense and indemnity obligations are insured under Buck Kreihs' St. Paul insurance policy. (Id. at 3).

---

[1] Chambers has been notified by the parties that Plaintiffs have settled their claims against Defendant UOS. (See Fax to Chambers from Plaintiffs' counsel, dated January 25, 2012).

[2] The other defendants are United Maritime Group, L.L.C. ("UMG") and TECO Ocean Shipping, Inc. ("TECO"). TECO was dismissed by summary judgment by Order, Rec. Doc. No. 22, dated October 3, 2010. UMG was voluntarily dismissed without prejudice by Plaintiffs by Order, Rec. Doc. No. 48, dated July 12, 2011.

## Law and Analysis

<u>a. Motion for Summary Judgment</u>

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas*, 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id*. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter.*, Inc. 7 F.3d 1203, 1207 (5th Cir. 1993).

*Insurance Coverage*

Here, the operative provision is the Watercraft Exclusion. The vessels at issue, M/V LISA W and M/V BARBARA VAUGHT, constitute watercrafts, and neither party has contested such status. The Watercraft Exclusion, in pertinent part, states:

> *This exclusion does not apply to:* . . .
>
> (c) Liability assumed under an "insured contract," but only that portion of the "insured contract" under which the "*Named Insured*" assumes the tort liability of another party for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

(Rec. Doc. No. 68-9, Exh. H, at 30) (emphasis added).

Buck Kreihs is the named insured. UOS concedes that its precedessor-in-interest entered into a General Services Agreement ("GSA") with Buck Kreihs and pursuant to said agreement, Buck Kreihs agreed to "defend, protect, indemnify and hold harmless UOS . . . ." (Rec. Doc. No. 68-1, Exh. A, at 3). Given this, the GSA serves as the insured contract, and Buck Kreihs is the named insured. (*See* Id. at 1). Per the plain language of the Watercraft Exclusion, this exclusion would apply if Buck Kreihs, pursuant to its GSA with UOS, assumed the tort liability of UOS, or another third party. However, that is not the case. Buck Kreihs has not assumed the tort liability of UOS concerning Holden's alleged injuries. Given this, the exception to

4

the exclusion is not triggered.  This provision clearly states it applies to the *named insured*, not the additional insured, as UOS contests. UOS seeks coverage from St. Paul as an additional insured for its own liability, instead of enforcement of an insured obligation by Buck Kreihs.  Thusly, the exception to the Watercraft Exclusion does not apply.  Accordingly, the Watercraft Exclusion[3] applies because Holden allegedly suffered bodily injuries arising from the operation of the M/V BARBARA VAUGHT, a vessel owned by UOS that was being serviced at Buck Kreihs' facility. (*See* Rec. Doc. No. 68-1 at 2).

Moreover, the Court notes that pursuant to UOS's own Exhibit A, the GSA states that Buck Kreihs, as the Contractor, will:

> [D]efend, protect, indemnify, and hold harmless UOS [the Company] (including reimbursement of all attorney's fees) from and against any and all losses, damages, costs, expenses, claims, causes of action, liens, obligation to indemnify another, lawsuits and liabilities of every kind and character, on account of any such illness, occupational disease, injury, death . . . arising out of or relating in any way to the work or services performed by Buck Kreihs for UOS even if illness, occupational disease, injury, death . . . is partially caused by *UOS's fault or negligence*. *HOWEVER, BUCK KREIHS [CONTRACTOR] SHALL HAVE NO RESPONSIBILITY OR LIABILITY WHATSOEVER FOR ANY ILLNESS,*

---

[3] "Bodily injury" or "property damage" arising out of the ownership or operation of any watercraft:

(a) Owned by an insured;
(b) Chartered, leased, rented, or loaned to an insured.

(Rec. Doc. No. 68-1, Exh. H., at 30).

>   *OCCUPATIONAL DISEASE, INJURY . . . CAUSED SOLELY BY UOS'S FAULT OR NEGLIGENCE*.  The phrase "property damage" as used herein includes, but is not limited to, damage to the property of UOS [Company] or of Buck Kreihs [Contractor] and damage to the property of any third party.

(Rec. Doc. No. 68-2, Exh. A, at 3) (emphasis added).

Although UOS failed to include the highlighted language in its immediate pleadings, it clearly denotes there was no agreement for Buck Kreihs to assume any tort or property liability that was solely UOS's fault.

### *Bad Faith Claims*

UOS contests that it is entitled to an award of penalties and attorney's fees against St. Paul pursuant to LA. REV. STAT. § § 22:1973 (formerly § 22:1220) and 22:1892 (formerly § 22:658).  In order to recover under said statutes, one must prove that: "i) the insurer received satisfactory proof of loss; ii) the insurer failed to pay the claim within the applicable statutory period; and iii) the insurer's failure to pay was arbitrary and capricious." *Boudreaux v. State Farm Mut. Auto Ins. Co.*, 896 So.2d 230, 233 (La. App. 4th Cir. 2005).

UOS contends that it provided satisfactory proof of loss when it tendered its claim to Buck Kreihs. (Rec. Doc. No. 68-1, at 18). Outside of mere argument, UOS fails to demonstrate how this claim constitutes satisfactory proof of loss and what damage it has

6

suffered. Furthermore, outside of St. Paul refusing to extend coverage, UOS does not proffer any evidence that St. Paul engaged in arbitrary and capricious behavior. (Id.). This alone fails to constitute arbitrary and capricious behavior.

*Contract Reformation*

It is well-settled that "[t]he burden is on the one seeking the reformation to prove the error, and he must carry said burden by clear, and the strongest possible proof." *Ferguson v. Belcher and Son*, 230 La 422, 431 (La. 1956). Here, outside of mere argument, UOS has failed to demonstrate any mutual error that would warrant the Court reforming the policy at hand. While UOS does produce several communications regarding the policy at issue, it is not clear that these communications evince mutual error in the issuance of the policy at hand.[4] Thusly, UOS has failed to satisfy its burden.[5]

---

[4] UOS did produce a Certificate of Insurance that contained language which states "Watercraft exclusion is deleted from G.L." (Rec. Doc. No. 77-12, Exh. L). Yet, this certificate is dated 7/28/2005, and is applicable for the 08/01/05-08/01/06 period. Thus, it appears that this certificate expired approximately two years before Holden's accident occurred. Furthermore, St. Paul produced a Certificate of Insurance that was effective 08/01/2007-08/01/2008, (Holden's accident occurred in May of 2008) and said policy did not contain any language about the deletion of the Watercraft Exclusion. (Rec. Doc. No. 91-1 at 1, Exh. I).

[5] UOS also produced an affidavit from a representative of its parent company, Mark Cline, which stated "there was a mutual agreement to delete the Watercraft Exclusion to be compliant." (Rec. Doc. No. 77-12, Exh. M). Yet, UOS fails to clearly demonstrate how there was any mutual error, warranting this Court to reform the policy at issue.

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that St. Paul Fire & Marine Insurance Company's ("St. Paul") Motion for Summary Judgment (Rec. Doc. No. 67) is **GRANTED.**

**IT IS FURTHER ORDERED** that UOS's Motion for Summary Judgment is **DENIED.**

New Orleans, Louisiana, this 7TH day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE