```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**PAUL HOLDEN AND PENNY HOLDEN**               * CIVIL ACTION

**VERSUS**                                     * NO. 09-3670

**U.S. UNITED OCEAN SERVICES, LLC., ET AL.**   * SECTION "B"(2)

## ORDER AND REASONS

Before the Court is U.S. United Ocean Services, LLC's ("UOS") Rule 60 Motion Seeking Relief from an Order (Rec. Doc. No. 83). In response, St. Paul Fire & Marine Insurance Company's ("St. Paul") filed its Opposition to U.S. United Ocean Services, LLC's Rule 60 Motion Seeking Relief from an Order (Rec. Doc. No. 93). Additionally, UOS filed a Motion and Incorporated Memorandum for Expedited Hearing on Rule 60 Motion Seeking Relief from an Order (Rec. Doc. No. 84).

Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that U.S. United Ocean Services, LLC's Rule 60 Motion Seeking Relief from an Order (Rec. Doc. No. 83) is **DENIED**.

**IT IS FURTHER ORDERED** that UOS's Motion and Incorporated Memorandum for Expedited Hearing on Rule 60 Motion Seeking Relief from an Order (Rec. Doc. No. 84) is **DENIED**.

Cause of Action and Facts of the Case:

This lawsuit arises out of the May 29, 2008 accident involving Plaintiff Paul Holden ("Paul Holden"), an employee of Buck Kriehs.[1] (Rec. Doc. No. 50-2 at 2). Paul Holden claims he was injured while the M/V LISA W and M/V BARBARA VAUGHT were undergoing repairs at Buck Kreihs' dock located in New Orleans, Louisiana. (Id.).

As a result of the incident, Paul Holden and his wife, Penny Holden, filed this lawsuit on May 28, 2009, alleging personal injuries and loss of society claims, respectively, against UOS and other defendants who have since been dismissed.[2] (Id.) On February 15, 2011, UOS filed its Third-Party Complaint, Rec. Doc. No. 29, against St. Paul seeking defense, indemnity and coverage under a marine general liability insurance policy that St. Paul issued to Buck Kreihs. (Id.) UOS asserts that it is owed contractual defense and indemnity against the Holdens' claims under a General Services Agreement ("GSA") between UOS and Buck Kreihs, and that those purported contractual defense and indemnity obligations are insured under Buck Kreihs' St. Paul insurance policy. (Id. at 3).

---

[1] Chambers has been notified by the parties that Plaintiffs have settled their claims against Defendant UOS. (*See* Fax to Chambers from Plaintiff's counsel, dated January 25, 2012).

[2] The other defendants are United Maritime Group, L.L.C. ("UMG") and TECO Ocean Shipping, Inc. ("TECO"). TECO was dismissed by summary judgment by Order, Rec. Doc. No. 22, dated October 3, 2010. UMG was voluntarily dismissed without prejudice by Plaintiffs by Order, Rec. Doc. No. 48, dated July 12, 2011.

**Law and Analysis**

a. Motion to Reconsider

It is well recognized that reconsideration is an "extraordinary remedy which should be used sparingly." *A.M.C. Liftboats, Inc. Apache Corp.*, 2008 WL 1988807 (E.D.La. 2008) (quotation marks omitted). A Federal Rule of Civil Procedure Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet v. HydrocChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). There are four grounds upon which a motion to reconsider can be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404 (E.D.La June 5, 2002). Furthermore, the Fifth Circuit has held that a court may only grant a motion for reconsideration on the basis of newly acquired evidence if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

b. UOS failed to satisfy its burden to warrant the Court reconsidering its prior holding.

UOS's reliance upon the cases at bar is misplaced for the following reasons. First, in *Mid-Continent*, the Fifth Circuit specifically stated that "[w]e need not decide on the district court's holding that Swift was not entitled to indemnity under the MSA [Master Service Agreement]." *Mid-Continent Casualty Co. v. Swift Energy Co.*, 206 F.3d 487, 494 (5th Cir. 2000). Here, that is the immediate issue before the Court: whether indemnity coverage should be extended to UOS. The Fifth Circuit further held that:

> *We emphasize that Mid-Continent's first argument does not require us to determine whether Swift was entitled to indemnity under the indemnity provisions of the MSA. Rather, it requires us to answer the different question of whether Swift should be denied coverage as an additional insured under the Policy because the MSA is not an "insured contract."*

*Id*. at 492. (emphasis added). Further, the issue of whether UOS is an additional insured is not an issue in the case *sub judice*. UOS has relied upon a case whose facts are inopposite to those of the immediate matter. Moreover, the Fifth Circuit held, on more than one occasion, that it was not determining whether the additional insured "was entitled to indemnity under the indemnity provisions of the [agreement]." *Id*. Thusly, UOS has failed to satisfy its burden to warrant this Court in reconsidering its prior ruling. UOS did not demonstrate any "manifest errors of law or

4

fact" that would prompt the Court to reconsider its Order and Reasons. *Peterson v. Cigna Group Ins.*, 2002 WL 1268404 (E.D. La June 5, 2002).

Second, UOS's reliance on *Premiere* is misplaced because there, Premiere was the named insured asking the Court to determine it had coverage. *Premiere v. Commercial Underwriters, Inc.*, 2003 WL 21634953 (E.D. La. 2003). Here, it is UOS, an additional insured, seeking to enforce coverage when it is not a direct party to the insurance contract.[3] Moreover, the underlying indemnity obligation owed by Premiere was not for a statutorily barred defense. Here, it is. UOS, as an additional insured is seeking indemnification coverage from the named insured's insurance company, when the purported obligation is void as a matter of law pursuant to Section 905(b) of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). *See* Rec. Doc. No. 55. Furthermore, the Court in *Premiere* ultimately found that Premiere, the named insured, had insurance coverage because "the policy language can be reasonably interpreted to provide coverage." *Premiere*, 2003 WL 21634953, at *1. Here, there has been no dispute about the clarity of the

---

[3] "Premiere entered into an insurance policy to receive contractual liability and employer's liability coverage and to meet its indemnification obligations to Santa Fe and its contractors." *Premiere v. Commercial Underwriters, Inc.*, 2003 WL 21634953, at *8 (E.D. La. 2003).

5

policy language, or a request for the Court to interpret the policy's language for the presence or absence of coverage.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that U.S. United Ocean Services, LLC's Rule 60 Motion Seeking Relief from an Order (Rec. Doc. No. 83) is **DENIED**.

**IT IS FURTHER ORDERED** that UOS's Motion and Incorporated Memorandum for Expedited Hearing on Rule 60 Motion Seeking Relief from an Order (Rec. Doc. No. 84) is **DENIED**.

New Orleans, Louisiana, this 8TH day of February, 2012.

_____
UNITED STATES DISTRICT JUDGE